## THE HOUSE OF GURNEY, INC. v. JACK RONAN.[1]

October 14, 1932.

No. 29,019.

*E. J. Jones* and *H. A. Robinson,* for appellant.
*John F. Flynn,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order sustaining a demurrer to the complaint on the ground that the complaint does not state facts sufficient to state a cause of action.

The complaint alleges that on January 16, 1931, plaintiff and defendant entered into a written contract, which is embraced in the complaint, wherein plaintiff agreed to sell to defendant petroleum products upon the basis therein stated, and defendant agreed to buy such products exclusively from plaintiff, defendant being given the

[1] Reported in 245 N. W. 30.

exclusive right to handle plaintiff's products in all cities contracted; that plaintiff agreed to broadcast over radio station WNAX at Yankton, South Dakota, each week day, advertising defendant's petroleum products business and that defendant agreed to pay therefor a stated fraction of a cent per gallon on petroleum products purchased by defendant; that plaintiff owned and operated said broadcasting station and performed its part of said agreement.

The complaint alleges that defendant paid for such broadcasting advertisement to the extent that it purchased such products from plaintiff. It alleges, however, that defendant, during the life of the contract, purchased 63,945 gallons of petroleum products from persons other than plaintiff, and by reason thereof plaintiff seeks to recover $418.47, that being the amount it would recover according to the schedule in the contract had such products been purchased from plaintiff. An analysis of the complaint shows that plaintiff's present claim rests exclusively upon this item.

As we construe the contract, plaintiff's broadcasting related to WNAX Fair Price Plan service stations and to the products which it was putting on the market, and not the business of defendant, regardless of the source of the products handled by it. It seems clear that the terms of the contract do not provide for defendant to pay the plaintiff because of purchases from parties other than plaintiff. As to such purchases the contract is silent. It simply does not embrace this element. That was not the plan. It does not provide a penalty for purchasing from other dealers, nor does it give plaintiff a right to collect for broadcasting based upon such other purchases. Plaintiff must stand on its contract in making the demand for judgment in this case. The demand goes far beyond the terms of the contract, the nature of which does not authorize plaintiff to recover under the facts pleaded.

It must be kept in mind that the complaint is not based upon a breach of the contract. Plaintiff does not seek to recover damages for a breach. It does not plead damages, as such, resulting from a breach of the contract and which apparently would be the same amount as plaintiff now seeks to recover. It seems plain however that defendant did breach the contract. By implication

defendant agreed to buy its requirements from plaintiff, but this it did not do. Plaintiff here seeks to recover money which it claims accrued from the performance of the contract, not from its breach, but which we hold is not within its terms. Plaintiff has its remedy, but not on the theory now advanced.

Defendant's contention that the contract cannot be sustained from want of mutuality within the meaning of Bailey v. Austrian, 19 Minn. 465 (535), cannot be sustained. The construction of the Bailey case is no longer authority. Pittsburgh P. G. Co. v. Paine & Nixon Co. 182 Minn. 159, 166, 234 N. W. 453. The contract involved here presupposed the continuance of an established business, and there is an implied promise as above stated.

Affirmed.